United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>    Holando Willi Falcon,<br><br>        Debtor. | Case No. 25-12640-DJB<br><br>Chapter 13 |

### Application for Compensation by Debtor's Counsel Following Dismissal of Case Before Confirmation

Applicant Cibik Law P.C. applies under § 330 of the Bankruptcy Code for an award of compensation and reimbursement of actual, necessary expenses and represents:

1. Applicant is counsel for the Debtor.

2. The Debtor filed a petition under Chapter 13 on June 30, 2025.

3. The Debtor's annualized current monthly income as set forth on Form B22C is below-median (the amount on line 15 is less than the amount on line 16).

4. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Debtor, the services and expenses were actual and necessary, and the compensation requested for those services is reasonable.

5. Applicant requests an award of compensation for about 12 hours expended providing the customary services of counseling and representing the Debtor before confirmation including:

    a. initial consultation with client (about 1 hour)

    b. analysis of the financial situation (about 1.5 hours)

    c. preparation, review and filing of all required documents (about 3.5 hours)

    d. correspondence (about 2 hours)

    e. telephone conversations and miscellaneous contact with creditors, the trustee, attorneys and other parties in interest (about 2 hours)

    f. preparation for and attendance at 341 meeting (about 2 hours).

6. Reasonable and allowable compensation for the services described in Paragraph 5 is $5,335.00 for a below-median debtor and $6,633.00 for an above-median debtor.

7. The Debtor paid Applicant $1,500.00 prior to filing the petition.

8. A copy of the Applicant's disclosure of compensation pursuant to Fed. R. Bankr. P. 2016(b) is attached as Exhibit A.

9. None of the compensation paid to Applicant will be shared with any person other than a member or regular associate of applicant's law firm unless 11 U.S.C. §504(c) applies.

10. This Application follows dismissal of this case consistent with *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006). Reasonable and allowable compensation for the services described is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the Chapter 13 trustee. (i.e. $3,478.93).

11. The Applicant requests that the Court authorize and direct the Chapter 13 trustee to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C.§330(a)(4)(B), all funds in the trustee's possession that are available for distribution to the Applicant.

**NOW, THEREFORE**, Applicant requests an award of compensation in the form of order attached.

Date: March 5, 2025

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com